IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| SOUTH CAROLINA STATE CONFERENCE OF THE NAACP,<br><br>Plaintiff,<br><br>v.<br><br>TONNYA K. KOHN, in her official capacity as South Carolina State Court Administrator;<br><br>DONALD W. BEATTY, in his official capacity as Chief Justice of the South Carolina Supreme Court,<br><br>Defendants. | C/A No.: 3:22-cv-01007-MGL<br><br><br>**DISCOVERY PLAN** |

Pursuant to Federal Rule of Civil Procedure 26(f), the parties submit this joint discovery report and plan as follows:

**A.     What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), to include a statement as to when disclosures under Rule 26(a)(1) were made or will be made:**

The parties have agreed to waive the Rule 26(a)(1) initial disclosures and will make the remaining disclosures in accordance with the scheduling order.

**B.     The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues:**

Defendants assert that, given the potential disruption to the operation of the South Carolina Court Administration that may result from protracted or in-depth discovery in this case, the issues raised in their Motion to Dismiss (ECF No. 12) should be ruled upon prior to any substantial discovery taking place. Plaintiff takes the position that discovery should not be delayed. The parties will be consulting to determine whether they can agree on some limited,

1

preliminary discovery while the parties finish briefing and the Court considers the motion to dismiss. In the event that the parties are unable to agree concerning the potential limited discovery, the parties will raise the issue with the Court by way of motion/s.

**C.     Any issues relating to disclosure of discovery of electronically stored information, including the form or forms in which it should be produced:**

The parties are accustomed to e-discovery and do not anticipate any issues related to the exchange of electronically stored information discovery in this matter.

**D.     Any issues relating to claims of privilege or of protection as trial-preparation material, including – if the parties agree on a procedure to assert such claims after production – whether to ask the court to include their agreement in an order:**

The parties are not aware of any such issues at this time.

**E.     What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed:**

See Section B. above. The parties are not aware of any issues other than those raised therein.

**F.     Any other orders that should be entered by the court under Rule 26(c) or under Rule 16(b) & (c):**

The parties have attached a proposed First Amended Scheduling Order.