**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| SOUTH CAROLINA STATE CONFERENCE OF THE NAACP, | C/A No.: 3:22-cv-01007-MGL |
| Plaintiff, | |
| v. | |
| TONNYA K. KOHN, in her official capacity as South Carolina State Court Administrator; | **JOINT RESPONSES TO LOCAL CIV. RULE 26.03 (D.S.C.) INTERROGATORIES** |
| DONALD W. BEATTY, in his official capacity as Chief Justice of the South Carolina Supreme Court, | |
| Defendants. | |

The parties also jointly respond to Local Civ. Rule 26.03 (D.S.C.), Interrogatories as follows:

1. **Short Statement of the Facts of the Case**

The Defendants have been granted the authority to make rules governing the administration of the courts in the State of South Carolina. As part of that administration, the South Carolina Judicial Branch has created the Public Index, which is a collection of publicly accessible websites that provide information about South Carolina state court cases. The Public Index provides public, electronic, and remote access to court filings including, as relevant here, public docket entries for eviction filings, which provide basic information about each tenant facing eviction, including the tenant's name and address. A user of the Public Index is able to search court records, by county, and the search will return information on relevant cases, including the name, party type, case number, filed date, case status, disposition date, case type, subtype, judgment number, and court agency for each case. The Public Index also provides

3

public, electronic, and remote access to pleadings, motions, orders, and all other unsealed documents filed in certain civil cases in the Court of Common Pleas.

Plaintiff seeks to use this publicly-available information to pursue or accomplish several related goals via its recently-created Housing Navigator program. Specifically, Plaintiff seeks to gather the information from the Public Index by way of "scraping," which is an automated form of data-gathering. The Judicial Branch prohibits scraping of the Public Index by way of technical limitations and limitations contained in the terms of use. Plaintiff alleges that the limitations on scraping inhibit its pursuit of its advocacy and outreach goals, and, as such, the limitations violate the First Amendment.

2. **Names of Fact witnesses likely to be called by the parties and a brief summary of their expected testimony.**

The parties have not yet determined who may be called as witnesses in this matter. However, they could reasonably include:

A.    Representatives of the Plaintiff

Representatives of the Plaintiff are expected to testify concerning the allegations in the Complaint, including the Housing Navigator program and its goals, and whether alternative means exist by which such goals can be pursued.

B.    Representatives of the Defendants

Representatives of the Defendants are expected to testify concerning the handling of court records in South Carolina, the history and operation of the Public Index, the policy concerns underlying the limitations on scraping, and future plans for the Public Index.

C.    The parties also reserve the right to call any witnesses identified during the course of discovery.

3. **The names and subject matter of expert witnesses**

The parties have not yet determined whether and to what extent expert witnesses will be necessary in this case. In the event experts are necessary, the parties anticipate the subject matter

4

will relate to the technical limitations on website or data access and the various methods by which large organizations manage such access and maintain the underlying systems.

4. **A summary of all claims or defense with statutory and/or case citations supporting the same.**

**Claims:**

The Complaint asserts a single cause of action under the First Amendment pursuant to 42 U.S.C. § 1983 seeking both declaratory and injunctive relief. In particular, Plaintiff seeks a declaration that a First Amendment right exists to scrape data in Defendants' control, that the terms of service prohibiting scraping violate the First Amendment, and that the prohibition on scraping violates the First Amendment. The Complaint further seeks an injunction permanently enjoining Defendants from enforcing the ban on scraping against the Plaintiff through the current technical measures or terms of service.

Plaintiff craves reference to the Complaint for case citations it advances in support of its claims.

**Primary Defenses:**

Defendants have asserted that the Court should dismiss this action pursuant to the doctrine of abstention. Defendants have further contended that the First Amendment provides no right of access to the information sought by Plaintiff, and that even if any such right exists, it does not extend as far as alleged by Plaintiff.

Defendants crave reference to their Motion to Dismiss (ECF No. 12) for a further discussion of the defenses raised up to this point.

5. **Absent special instructions from the assigned judge, the parties shall propose dates for the following deadlines listed in Local Civil Rule 16:02:**
   (a)    **Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures; and**
   (b)    **Completion of discovery.**

5

The parties are submitting a proposed First Amended Scheduling Order addressing these dates.

**6. The parties shall inform the Court whether there are any special circumstances which would affect the time frames applied in preparing the scheduled Order.**

Defendants assert that, given the potential disruption to the operation of the South Carolina Court Administration that may result from protracted or in-depth discovery in this case, the issues raised in their Motion to Dismiss (ECF No. 12) should be ruled upon prior to any substantial discovery taking place. Plaintiff takes the position that discovery should not be delayed. Depending on the time required to for the parties to finish briefing and the Court to consider and rule on the motion to dismiss, additional time will likely be necessary to begin and/or complete discovery.

**7. The parties shall provide any additional information requested in the Pre-Scheduling Order (Local Civil Rule 16.01) or otherwise requested by the assigned Judge.**

Not applicable.