# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| SOUTH CAROLINA STATE CONFERENCE OF THE NAACP, | C/A No.: 3:22-cv-01007-MGL |
| Plaintiff, | |
| v. | **MOTION TO STAY DISCOVERY** |
| TONNYA K. KOHN, in her official capacity as South Carolina State Court Administrator; | |
| DONALD W. BEATTY, in his official capacity as Chief Justice of the South Carolina Supreme Court, | |
| Defendants. | |

The Defendants, by and through their undersigned counsel, hereby move for an Order, pursuant to Local Civ. Rule 16.00(C) (D.S.C.), Rule 26, Fed. R. Civ. P., and/or this Court's inherent authority, staying discovery and all scheduling order deadlines pending a decision on the Motion to Dismiss, ECF No. 12, filed by Defendants. The undersigned affirms that he has discussed this matter with counsel for Plaintiff, who does not consent to discovery being stayed. However, in the event the Court were inclined to grant the requested stay, Plaintiff would consent to a stay of the scheduling order deadlines.

## DISCUSSION

The Defendants have filed a Motion to Dismiss, ECF No. 12, which raises a number of threshold legal issues, including—most importantly for purposes of this motion—the propriety of federal court intervention that may contravene the principles equity, comity, and federalism, and

1

concerns as to whether the Complaint states a claim upon which relief can be granted. The Motion to Dismiss has been fully briefed and all that remains is for a decision to be issued.

Defendants respectfully submit that discovery, along with all scheduling order deadlines, should be stayed pending a resolution of the Motion to Dismiss. Staying discovery will conserve judicial resources, both state and federal, and will prevent the parties from spending a significant amount of time on discovery that may not ultimately be necessary or appropriate. Moreover, the concerns raised in the Motion to Dismiss concerning abstention would be irretrievably diminished if discovery were allowed to proceed prior to a decision on the motion.[1]

As has long been recognized, this Court has inherent authority to stay proceedings in order to preserve its own resources and those of counsel and litigants. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). In this vein, courts have routinely found that discovery may be inappropriate while the issue of immunity or other jurisdictional or pleading-based questions are being resolved. *See, e.g.*, *Siegert v. Gilley,* 500 U.S. 226, 231-32 (1991) (noting that immunity is a threshold issue and discovery should not be allowed while the issue is pending); *Gilbert v. Ferry,* 401 F.3d 411, 415-16 (6th Cir. 2005) (finding stay permissible pending ruling on dispositive

---

[1] Defendants did not initially move to stay discovery when they filed the Motion to Dismiss because they believed that a good faith attempt to determine whether some minimal initial discovery was feasible might yield an agreement as to the matter between the parties. This was communicated to the Plaintiff and the Court. *See* Discovery Plan, ECF No. 23-1, p. 1. However, the resulting discovery sought by Plaintiff did not fall within a range that Defendants could easily accommodate without a substantial expenditure of resources. In fact, the discovery sought by Plaintiff would require Defendants to divert an employee from ongoing projects and dedicate that employee to locating and gathering the requested information or, more likely, to hire an outside consultant to perform the work. This would be a significant disruption to the operations of the Judicial Branch.

motion involving jurisdictional issue); *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) ("A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined."); *Eleazu v. Dir. U.S. Army Network Enter. Ctr., Natick*, 3:20-2576-JMC-SVH, 2020 WL 6875538, at *7 (D.S.C. Nov. 23, 2020) (recommending that motion to stay discovery, pursuant to Local Civ. Rule 16.00(C) and Rule 26(c), Fed. R. Civ. P., be granted where "a dispositive motion may resolve all claims against a defendant and render discovery unnecessary") (report and recommendation adopted by *Eleazu v. Dir. U.S. Army Network Enter. Ctr., Natick*, 3:20-CV-02576-JMC, 2021 WL 4272596 (D.S.C. Sept. 21, 2021)); *Boudreaux Grp., Inc. v. Clark Nexsen, Owen, Barbieri, Gibson, P.C.*, 8:18-CV-1498-TMC, 2018 WL 9785308, at *6 (D.S.C. Nov. 20, 2018) (granting a motion to stay and reasoning that a "stay would conserve the resources of both the parties and the court pending a resolution on the pending motions.").

Although the doctrine of qualified immunity is not applicable in this case, the reasoning employed by courts in directing that immunity for governmental officials should be decided at the earliest possible stage of the litigation is persuasive in this context. One purpose of the doctrine of qualified immunity is to protect government officials from "harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). Qualified immunity is thus "an immunity from suit rather than a mere defense to liability." *Id.* In other words, one of the main functions of qualified immunity is to ensure that "insubstantial claims against government officials will be resolved prior to discovery." *Id.* The court has therefore

repeatedly "stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Id.*[2]

This reasoning applies with equal force in the present case. Defendants have raised substantial threshold legal issues that should warrant a decision prior to discovery proceeding. The concerns underlying the doctrine of abstention as discussed in the Motion to Dismiss will be at least partially trampled if discovery is allowed to proceed. In other words, the protection intended by the doctrine of abstention will be lost if discovery is allowed to proceed.

## CONCLUSION

For the reasons set forth above, Defendants respectfully request that discovery, as well as the scheduling order deadlines, be stayed pursuant to Local Civ. Rule 16.00(C) (D.S.C.), Rule 26(c), Fed. R. Civ. P., and/or this Court's inherent authority until such time as the Motion to Dismiss has been ruled upon.

Respectfully submitted,

*s/ Steven R. Spreeuwers*
Robert D. Garfield, Fed. ID 7799
Steven R. Spreeuwers, Fed. ID 11766
CROWE LAFAVE GARFIELD & BAGLEY, LLC
2019 Park Street
Columbia, South Carolina 29201
803.399.9970
robert@crowelafave.com
steve@crowelafave.com

*Counsel for Defendants*

November 4, 2022

---

[2] Defendants do not suggest that the issues raised in the Complaint are insubstantial, just that they cannot succeed for the reasons discussed in the Motion to Dismiss.