# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| SOUTH CAROLINA STATE CONFERENCE OF NAACP; <br><br> *Plaintiff*, <br><br> v. <br><br> TONNYA KOHN; in her official capacity as South Carolina State Court Administrator; <br><br> DONALD BEATTY, in his official capacity as Chief Justice of the South Carolina Supreme Court; <br><br> *Defendants*. | Case No. 3:22-cv-1007-MGL <br><br> **Plaintiff's Response in Opposition to Defendants' Motion to Stay Discovery** |

Plaintiff South Carolina State Conference of NAACP, submits this response in opposition to the Motion to Stay filed June 23, 2022 by Defendants Tonnya Kohn and Donald Beatty. *See* ECF No. 35.

## DISCUSSION

Whether this Court considers Defendants' request under Fed. R. Civ. P. 26(c) or the similar standard that guides the discretionary exercise of its inherent authority, Defendants fall far short of carrying their "heavy" or "heightened" burden to show good cause for such a stay.[1] *Wilson v. First Class Patrol Officers Michael Slager*, No. 2:15-cv-02170-DCN, 2016 WL

---

[1] This Court has previously held that Fed. R. Civ. P. 26(c) and not Local Rule 16.00, D.S.C. is the proper procedural mechanism for making a stay request at this stage, because the Court has already entered a scheduling order and the parties have begun to engage in discovery governed by the Federal Rules of Civil Procedure. *See Dillon v. BDI Pharma, Inc.*, 2019 WL 3006777, *1 (D.S.C. Feb. 12, 2019).

1

1253179, at *4 (D.S.C. Mar. 31, 2016) (citations omitted) (discussing "heavy burden" on moving party under Fed. R. Civ. P. 26(c)); *International Refugee Assistance Project v. Trump*, 323 F.Supp.3d 726, 731 (D.Md. 2018) (citing *Landis v. North American Co.*, 299 U.S. 248, 255) (discussing "heightened" burden on moving party to justify a stay pursuant to court's inherent authority). This Court should therefore deny Defendants' efforts to delay the usual course of proceedings.

### I.     Defendants fail to clear the "high hurdle" of Rule 26.

Motions to stay discovery under Rule 26(c) "are generally disfavored." *Brown-Thomas v. Hynie*, No.: 1:18-cv-02191-JMC, 2019 WL 1043724, at *4 (D.S.C. Mar. 5, 2019). To prevail, a movant must demonstrate both that there is "good cause" for a stay under Fed. R. Civ. P. Rule 26(c) and that the request is "reasonable." *Brown-Thomas*, 2019 WL 1043724, at *7 (holding that a motion to stay "is not persuasive or reasonable," if it is "filed almost a month after [the] pending Motion[] to Dismiss."). Because a stay of discovery may "impede the court's responsibility to expedite discovery," *id.* at *4, Rule 26(c)'s good cause requirement poses a "rather high hurdle" for the moving party, *Wilson*, 2016 WL 1253179 at *4 (citing *Baron Fin. Corp. v. Natanzon*, 240 F.R.D. 200, 202 (D. Md. 2006)); *see also Medlin v. Andrew*, 113 F.R.D. 650, 653 (M.D.N.C. 1987) (noting the "heavy burden of demonstrating the good cause" under Rule 26(c)).

A. <u>Defendants have not shown that their Motion to Dismiss is "clearly meritorious."</u>

Defendants have not demonstrated good cause. To start, they have not demonstrated that their motion to dismiss is "clearly meritorious." *Brown-Thomas v. Hynie*, 2019 WL 1043724, at *7; *see also Baker v. Swift Pork Co.*, No. 3:15–CV–663–JHM, 2015 WL 6964702, at *1 (W.D. Ky. Nov. 10, 2015) (denying a motion to stay discovery when it was "not patently apparent"

2

whether a dispositive motion would be granted or denied). To the contrary, Defendants' Motion to Dismiss fails under binding precedent. *See* ECF No. 26. The Fourth Circuit has already fully rejected each of Defendants' specific abstention arguments—including their attempt here to mash them all together. *See* ECF No. 26 at 4-9; *Courthouse News Serv. v. Schaefer*, 2 F.4th 318, 324 (4th Cir. 2021) (rejecting Defendants' primary abstention argument as "inconsistent with [Fourth Circuit] precedent and Supreme Court guidance"). And binding precedent from the Fourth Circuit similarly establishes that Plaintiff has a qualified right of access under the First Amendment to the judicial records—the docket sheets—contained in the Public Index. *Id*. at 10-19; *Doe v. Pub. Citizen*, 749 F.3d 246, 268 (4th Cir. 2014) (recognizing the "commonsensical observation that most of the information contained on a [civil] docket sheet is material that is presumptively open to public inspection."). Finally, Defendants barely contest Plaintiff's claim that they also have a First Amendment right to record these records. *Compare* ECF No. 26 at 20-24 *with* ECF No. 29 at 8.

Here, as always, "the mere filing of a dispositive motion does not constitute 'good cause.'" *Herring v. Lapolla Indus., Inc.*, No. 2:12-cv-02705-RMG, 2013 WL 12148769, at *1 (D.S.C. Aug. 30, 2013) (citations omitted); *see also Hollins v. U.S. Tennis Ass'n*, 469 F. Supp. 2d 67, 78 (E.D.N.Y. 2006). Because Plaintiff "vehemently oppose[d]" Defendants' motion "with substantial arguments," *Brown-Thomas*, 2019 WL 1043724, at *7, Defendants' motion is nothing more than "an allegedly dispositive motion" that does not justify a stay of discovery, *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988),

B. <u>The balance of hardships weighs strongly against a stay of discovery.</u>

Defendants' motion also fails because it lacks a "specific factual showing that the interest of justice and considerations of prejudice and undue burden to the parties require a protective

order and that the benefits of a stay outweigh the cost of delay." *Wilson*, 2016 WL 1253179, at *3. Defendants allege that responding to Plaintiff's discovery request would be burdensome. *See* ECF No. 35 at 2 n.1. But Defendants "may not rely upon 'stereotyped and conclusory statements,' to establish good cause;" rather, they "'must present a particular and specific demonstration of fact' as to why a protective order [staying discovery] should issue." *Id*. (quoting *Baron Fin. Corp. v. Natanzon*, 240 F.R.D. 200, 202 (D. Md. 2006)).

Defendants' representations that Plaintiff's discovery request would require Defendants to "hire an outside consultant" and would cause a "significant disruption" are not only prime examples of "stereotyped and conclusory statements"—they are also difficult to square with the limited scope of Plaintiff's request. Plaintiff's First Request for Production asks Defendants to provide documents showing the technical capabilities of the Public Index, the measures employed by Defendants to prohibit scraping, the known alternatives to those measures, and the cost to Defendants of implementation. *See* **Exhibit A** (RFP). Defendants are a state agency that operates and maintains a case filing system and a Public Index (among other responsibilities), so it is unclear how or why a discovery request for documents with respect to the manner in which it maintains records would cause "an undue burden." *Wilson*, 2016 WL 1253179, at *3.

By contrast, the prejudice to Plaintiff is significant. As a general matter, courts have "long observed that as time passes, cases can become more difficult to try because witnesses relocate, documents are lost, and memories fade." *Dillon*, 2019 WL 3006777, at *2 (quoting *Brumbaugh v. Princeton Partners*, 985 F.2d 157, 162 (4th Cir. 1993)). The prejudice here to Plaintiff is particularly acute. The South Carolina NAACP has alleged a present and continuous harm to its First Amendment rights. The denial of those rights is impeding its ability to provide critical services to individuals who are on the verge of eviction. *See*, *e.g.*, ECF No. 1

4

at ¶ 13. And as the Supreme Court has long recognized, "[t]he loss of First Amendment freedoms, even for minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976); *see also Johnson v. Bergland*, 586 F.2d 993, 995 (4th Cir. 1978) (holding that First Amendment violations are treated as a "*per se* irreparable injury."). Every unnecessary delay further extends the violation of Plaintiff's rights and prevents Plaintiff from assisting tenants who face eviction.

Beyond those harms, a stay of discovery would also unfairly deprive Plaintiff of an opportunity to test or respond to the specific evidence advanced by Defendants in their motion to dismiss. *See* ECF No. 12, 12-1 (Affidavit of J. Hilke). Despite bringing their motion under Fed. R. Civ. P. Rule 12, Defendants relied on un-plead factual allegations in support of dismissal. *See*, *e.g.*, ECF No. 12-1 at ¶ 9 ("During my tenure as Security Architect, there have been numerous instances of system degradation due to automated data mining."). And although the Court should not rely on Mr. Hilke's affidavit under Rule 12, several of Plaintiff's discovery requests are specifically designed to understand and test Mr. Hilke's allegations. *See* **Exhibit A** (RFP 1, 7, 10, 12). Having injected factual assertions where it serves them, Defendants cannot now demand a stay of discovery to insulate those very assertions from adversarial testing.

In short, the balance of equities weighs heavily against a stay of discovery.

## II.     Defendants also fail to justify the exercise of this Court's inherent authority to stay proceedings.

Defendants have also failed to justify a stay of discovery pursuant to this Court's inherent authority. "The party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983). As with the "good cause" requirement under Fed. R. Civ. P. 26(c), courts typically exercise their inherent authority only after balancing

judicial economy and prejudice to the parties. *See International Refugee Assistance Project*, 323 F.Supp.3d at 731.

As discussed, neither judicial economy nor prejudice counsels in favor of a stay here. Defendants offer the conclusory allegation that a stay would "conserve judicial resources, both federal and state," ECF No. 35 at 2, but it is unclear how a stay would conserve any *federal* resource, particularly because a stay would impede the Court's responsibility to expedite discovery. *See Dietz v. Bouldin*, 579 U.S. 40, 45 (2016) (exercises of inherent authority must be a 'reasonable response to the problems and needs' confronting the *court's* fair administration of justice") (emphasis added); *see also Greene v. City of Virginia Beach*, 2022 WL 264457, *3 (E.D. Va January 27, 2022) (exercising inherent authority to consolidate cases because "confusion and inefficiencies have negatively impacted the *Court's* ability to 'achieve the orderly and expeditious disposition' of Plaintiff's claims") (quoting *Dietz*, 579 U.S. at 45) (emphasis added). Instead, Defendants lean into their abstention argument to suggest that, because they are responsible for state judicial resources, the incidental burden they might suffer from a typical discovery request merits special consideration. But in making this argument, Defendants mistakenly conflate abstention with immunity or qualified immunity. Unlike immunity defenses, the abstention doctrines Defendants invoke turn on the potential scope and reach of a federal court remedy—not the burden or intrusiveness of federal litigation *per se*. *See Schaefer*, 2 F.4th at 324-25 (discussing the abstention doctrines at issue and rejecting abstention after full-blown discovery).

Even were this Court to consider Defendants' abstention-related harm as somehow different from the ordinary consequences of discovery, the balance of the hardship still leans heavily toward Plaintiff. In the context of Presidential immunity, for example, *Clinton v. Jones*,

6

520 U.S. 681 (1997), rejected a sitting President's attempt to stay a trial that would surely have been far more intrusive than responding to Plaintiff's first set of requests for production. *Jones* did so despite "the fact that a trial may consume some of the President's time and attention," *id*. at 708—the same representation Defendant's make here—because of the standard prejudice to the party opposing the stay that would have been caused by delay. And here, as discussed, Plaintiff stands to suffer particularly significant and legally cognizable prejudice in the form of the ongoing violation of its First Amendment rights and its inability to exercise those rights to reach tenants on the verge of eviction.

Because Defendants have not demonstrated "clear and convincing circumstances outweighing potential harm to" Plaintiff, this Court should reject Defendants' late request that it issue a discretionary stay of discovery.

## CONCLUSION

For the reasons set forth above, this Court should deny Defendants' belated attempt to slow the ordinary course of discovery.

Respectfully submitted,

November 15, 2022

*/s/ Allen Chaney*
Allen Chaney
Fed. Id. 13181
ACLU Foundation of South Carolina
P.O. Box 1668
Columbia, SC 29202
Tel.: (843) 282-7953
achaney@aclusc.org

Esha Bhandari (admitted *pro hac vice*)
Sandra S. Park (admitted *pro hac vice*)
Laura Moraff (admitted *pro hac vice*)

Joe Schottenfeld*
Martina Tiku*
NAACP
4805 Mt. Hope Drive
Baltimore, MD 21215
Tel.: (410) 580-5777
jschottenfeld@naacpnet.org
mtiku@naacpnet.org

American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel.: (212) 549-2500
ebhandari@aclu.org
spark@aclu.org
lmoraff@aclu.org

*Counsel for Plaintiff*

\* Motion for admission *pro hac vice* forthcoming