IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| SOUTH CAROLINA STATE CONFERENCE OF THE NAACP,<br><br>Plaintiff,<br><br>v.<br><br>TONNYA K. KOHN, in her official capacity as South Carolina State Court Administrator;<br><br>DONALD W. BEATTY, in his official capacity as Chief Justice of the South Carolina Supreme Court,<br><br>Defendants. | C/A No.: 3:22-cv-01007-MGL<br><br><br><br>**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO STAY DISCOVERY** |

In addition to their previous discussion, ECF No. 35, the Defendants offer the following brief reply discussion in support of their Motion to Stay.

## DISCUSSION

As an initial matter, Defendants reject Plaintiff's assertion that the Motion to Stay should be subject to some heightened standard because a scheduling order had already been entered prior to the motion being filed.

As background, the Defendants filed their Motion to Dismiss, ECF No. 12, on July 8, 2022. On July 28, 2022, before Plaintiff had even filed its Response to that motion, *see* ECF No. 18, the parties conducted the required Rule 26f conference. During that conference, counsel for Defendants indicated they would likely be moving to stay discovery until such time as the motion to dismiss was ruled upon. Plaintiff's counsel indicated Plaintiff would oppose a stay and inquired as to whether the Defendants would be amenable to entertaining any discovery requests before

1

making a decision on whether to file a motion to stay. In an effort to approach the issue in good faith, Defendants' counsel agreed to pass along some limited discovery requests to the Defendants in order to obtain their position on a motion to stay. The 26f conference took place more than two weeks before the first scheduling order was entered. *See* ECF No. 25.

Having prevailed upon Defendants to hold off on filing their motion to stay until Plaintiff was able to submit proposed discovery requests, which it did not do until October 2022, Plaintiff cannot now benefit from that agreement by asserting some heightened standard applies due to the passage of time or the entry of a scheduling order. This is the process specifically sought and agreed to by Plaintiff. The parties agreed that Defendants would hold off on filing their motion to stay until they had a chance to review Plaintiff's first proposed discovery requests. This arrangement was specifically set forth in the parties' joint discovery plan, ECF No. 23-1, so as to alert the Court to the issue.

Thus, this motion should not be subject to some heightened standard. Rather, the motion should be granted pursuant to Local Civ. Rule 16.00(C) (D.S.C.). The fact that such a process is included in the Local Rules without any heightened standard indicates the consideration of such a motion should be straightforward and unexceptional. However, even if the motion is considered under Rule 26(c) or the Court's inherent authority, the Court should apply the same standard that applies under Rule 16.00(C)—which simply requires the pendency of a motion to dismiss that, if granted, would be dispositive of the entire action.

Additionally, Plaintiff's assertion that it would somehow suffer significant prejudice if discovery is stayed for a matter of a few months, at most, until the motion to dismiss is decided is belied by the facts underlying this action and by Plaintiff's actions concerning the issue so far. The prohibition on scraping the Public Index has been in place for years. *See generally* ECF No. 12-1,

p. 4. Yet Plaintiff waited until 2022 to seek judicial relief.[1] Moreover, despite claiming significant prejudice and irreparable harm from any delay, Plaintiff has not sought any preliminary relief and has otherwise taken a relatively relaxed approach to this matter from the beginning.

Plaintiff also gives short shrift to Defendants' end of the equation by suggesting they are nothing more than a "state agency that operates and maintains a case filing system and a Public Index (among other responsibilities)." ECF No. 36, p. 4. Contrary to this misleading assertion, the Defendants are the representatives of an entire branch of South Carolina state government. One of the named Defendants is responsible for the administrative and operational function of all the trial courts in South Carolina. The other named Defendant is the Chief Justice of the state's highest court, who has numerous other duties and responsibilities above and beyond those associated with the Public Index. These include not only hearing cases in the appellate and original jurisdiction of the Supreme Court, deciding matters related to Bar admissions and attorney and judicial discipline, and promulgating and amending rules of court in South Carolina, but also acting as the administrative head of the Judicial Branch, who is responsible for administering the South Carolina state trial courts, setting the terms of those courts, and assigning judges to preside at those terms. If discovery is not stayed, the Defendants, and the shared staff of the two Defendants, would be forced to put these other responsibilities aside while responding to discovery that may ultimately prove fruitless. Even framing Defendants' operations in such simplistic terms evidences a total disregard for the potential disruption to the South Carolina Supreme Court's ability to conduct its normal affairs that would be caused by potentially unnecessary and intrusive discovery.

---

[1] It is worth noting again that this dispute only arose after Plaintiff sought and received a grant to institute a new program, which included funds to scrape the Public Index, presumably armed with the knowledge that doing so was not then permitted by the rules governing the use of the Public Index. *See* Complaint, ECF No. 1, ¶¶ 48, 64.

## **CONCLUSION**

Defendants submit that a limited stay of discovery, tethered to a specific event in this case, is appropriate to avoid the unnecessary expenditure of resources by both the parties and the Court. Now is the only opportunity to prevent the expenditure of resources that may ultimately prove fruitless. Defendants therefore respectfully request that discovery in this matter be stayed until a ruling on the motion to dismiss is issued.

Respectfully submitted,

*s/ Steven R. Spreeuwers*
Robert D. Garfield, Fed. ID 7799
Steven R. Spreeuwers, Fed. ID 11766
CROWE LAFAVE GARFIELD & BAGLEY, LLC
2019 Park Street
Columbia, South Carolina 29201
803.399.9970
robert@crowelafave.com
steve@crowelafave.com

*Counsel for Defendants*

November 22, 2022