**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| SOUTH CAROLINA STATE CONFERENCE OF THE NAACP, | C/A No.: 3:22-cv-01007-MGL |
| Plaintiff, | |
| v. | |
| TONNYA K. KOHN, in her official capacity as South Carolina State Court Administrator; | **ANSWER** |
| DONALD W. BEATTY, in his official capacity as Chief Justice of the South Carolina Supreme Court, | |
| Defendants. | |

The Defendants, Tonnya K. Kohn, in her official capacity as South Carolina State Court Administrator, and Donald W. Beatty, in his official capacity as Chief Justice of the South Carolina Supreme Court, by and through their undersigned counsel, answer the Complaint (ECF No. 1) as follows:

## FOR A FIRST DEFENSE

1.    The Complaint fails to state a claim upon which relief may be granted and, therefore, this action must be dismissed pursuant to Rule 12(b)(6), Fed. R. Civ. P.

## FOR A SECOND DEFENSE

2.    Defendants deny each paragraph and allegation in the Complaint not hereafter specifically admitted, qualified, or explained.

3.    Paragraph 1 is merely descriptive of this case, causes of action, and the relief being sought and, as such, requires no response. To the extent a response may be required, this Paragraph

1

is denied. Defendants specifically deny that Plaintiff is entitled to the requested relief or any other relief.

4.    As to Paragraph 2, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, this Paragraph is denied as stated.

5.    As to Paragraph 3, Defendants crave reference to the applicable South Carolina statutes concerning eviction as the best evidence of the timeframes involved in those proceedings. The remainder of the Paragraph is denied as stated.

6.    As to Paragraph 4, Defendants crave reference to the referenced studies as the best evidence of their contents, without admitting the same to be true or accurate. The remainder of the Paragraph is denied as stated.

7.    As to Paragraph 5, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, this Paragraph is denied.

8.    As to Paragraph 6, Defendants admit only that the Plaintiff has launched the Housing Navigator Program. As to the remainder of the Paragraph, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, the remainder of the Paragraph is denied.

9.    As to Paragraph 7, Defendants admit only that Plaintiff has expressed an intent and desire to use scraping to collect data from the Public Index. The remainder of the Paragraph is denied as stated.

10.    As to Paragraph 8, Defendants admit only that certain types of scraping may not involve breaking into a system or website to access information that is otherwise unavailable to the user. The remainder of the Paragraph is denied as stated.

11.    As to Paragraph 9, Defendants admit only that scraping is employed among a variety of actors for a variety of purposes. The remainder of the Paragraph is denied as stated.

12.    As to Paragraph 10, Defendants admit only that the South Carolina Judicial Branch has placed limitations on scraping of the Public Index. The remainder of the Paragraph is denied as stated.

13.    Defendants admit the first sentence of Paragraph 11. As to the second sentence of Paragraph 11, Defendants admit only that it is conceivable that attorney conduct relative to the Public Index could expose a hypothetical attorney to potential discipline. The remainder of the Paragraph is denied as stated.

14.    As to Paragraph 12, Defendants admit only that the South Carolina Judicial Branch has implemented policies designed to prevent scraping, including technical limitations. The remainder of the Paragraph is denied as stated.

15.    Paragraphs 13 and 14 are denied.

16.    Paragraph 15 is merely descriptive of this case and the relief being sought and, as such, requires no response. To the extent a response may be required, this Paragraph is denied.

17.    Paragraph 16 is admitted, upon information and belief.

18.    The first sentence of Paragraph 17 is admitted. The second sentence of Paragraph 17 is merely descriptive of the capacity in which this Defendant is named and, as such, requires no response. To the extent a response may be required, this sentence is denied.

19.    The first two sentences of Paragraph 18 are admitted. The third sentence of Paragraph 18 is merely descriptive of the capacity in which this Defendant is named and, as such, requires no response. To the extent a response may be required, this sentence is denied.

20.     Paragraph 19 is merely descriptive of the purported authority pursuant to which the causes of action in this case are brought and, as such, requires no response. To the extent a response may be required, this Paragraph is denied. Defendants specifically deny that Plaintiff has stated a claim under the referenced statute or Amendments.

21.     Paragraphs 20, 21, and 22 set forth legal conclusions to which no response is required. To the extent a response may be required, these Paragraphs are denied.

22.     As to Paragraph 23, Defendants crave reference to the stated studies as the best evidence of their contents, without admitting the same to be true or accurate. The remainder of the Paragraph is denied as stated.

23.     As to Paragraph 24, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, this Paragraph is denied. Defendants crave reference to the applicable South Carolina statutes concerning eviction as the best evidence of their contents.

24.     As to Paragraph 25, Defendants crave reference to the applicable South Carolina statutes concerning eviction as the best evidence of the timeframes involved in those proceedings. The remainder of the Paragraph is denied as stated.

25.     As to Paragraphs 26, 27, and 28 Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, these Paragraphs are denied.

26.     As to Paragraph 29 and 30, Defendants crave reference to the stated studies as the best evidence of their contents, without admitting the same to be true or accurate. The remainder of these Paragraphs is denied as stated.

27.     As to Paragraph 31, Defendants admit only that the South Carolina Supreme Court issued various orders relating to, among other things, evictions during the Covid-19 Pandemic. Defendants crave reference to those orders as the best evidence of their contents. The remainder of the Paragraph is denied as stated.

28.     As to Paragraphs 32, 33, 34, and 35, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, these Paragraphs are denied.

29.     As to Paragraph 36, Defendants admit only that the Public Index is a publicly accessible website that provides information about South Carolina state court cases. The remainder of the Paragraph is denied as stated.

30.     As to Paragraph 37, Defendants admit only that the Public Index contains certain case related information from certain state court cases, including eviction cases. The remainder of the Paragraph is denied as stated.

31.     As to Paragraph 38, Defendants admit only that the stated web address is one way to access the Public Index and that users must select a county and agree to the terms of service before they are allowed to proceed. The remainder of the Paragraph is denied as stated.

32.     As to Paragraph 39, Defendants admit only that the quoted language forms part of the terms of service of the Public Index. Defendants crave reference to the terms of service as the best evidence of their contents. The remainder of the Paragraph is denied as stated.

33.     As to Paragraph 40, Defendants admit only that the screenshot illustrates one example of a search page a user might be directed to if he or she clicks "Accept". The remainder of the Paragraph is denied as stated.

34.    As to Paragraph 41, Defendants admit only that a search on the Public Index may return information including name, party type, case number, filed date, case status, disposition date, case type, subtype, judgment number, and court agency for certain cases, and that, in some instances, the information may include defendants' names and addresses.

35.    As to Paragraph 42, Defendants admit only that the Public Index for the counties hosted by the South Carolina Judicial Branch employ technical measures against scraping and that, generally speaking, the measures activate when automated activity is detected. The remainder of the Paragraph is denied as stated.

36.    Paragraphs 43 is denied, upon information and belief.

37.    Paragraph 44 is denied as stated.

38.    The first sentence of Paragraph 45 is admitted. As to the second sentence of Paragraph 45, Defendants admit only that the Public Index and South Carolina's e-filing system were created by the Judicial Branch. Further responding, Defendants crave reference to the South Carolina Constitution and the referenced Order as the best evidence of their contents. The remainder of the Paragraph is denied as stated.

39.    Paragraph 46 is admitted.

40.    As to Paragraph 47, Defendants admit only that attorney discipline in South Carolina is administered through the South Carolina Supreme Court. Defendants crave reference to the South Carolina Rules of Professional Conduct and Rules for Lawyer Disciplinary Enforcement as the best evidence of their contents.

41.    As to Paragraphs 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, and 58, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, these Paragraphs are denied.

42.     As to Paragraph 59, Defendants crave reference to the applicable South Carolina statutes concerning eviction as the best evidence of the timeframes involved in those proceedings. The remainder of the Paragraph is denied as stated.

43.     Paragraph 60 is denied as stated.

44.     As to Paragraphs 61 and 62, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, these Paragraphs are denied.

45.     Paragraph 63 is denied.

46.     As to Paragraphs 64, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, this Paragraph is denied.

47.     Paragraph 65 is denied.

48.     As to Paragraph 66, Defendants admit only that the Public Index does not permit scraping. The remainder of the Paragraph is denied as stated.

49.     As to Paragraph 67, Defendants admit only that the parties have had communications concerning a potential solution to the Plaintiff's concerns. The remainder of the Paragraph is denied as stated.

50.     As to Paragraphs 68, 69, 70, 71, 72, 73, 74, and 75, Defendants crave reference to the referenced communications for the best evidence of their contents. Further responding, Defendants note that they subsequently offered to provide Plaintiff with regular updates via the process contained in Rule 610, SCACR. The remainder of these Paragraphs is denied as stated.

51.     As to Paragraphs 76, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, this Paragraph is denied.

52.     Paragraphs 77, 78, and 79 set forth legal conclusions and/or arguments to which no response is required. To the extent a response may be required, these Paragraphs are denied.

53.    Paragraphs 80, 81, and 82 are denied.

54.    As to Paragraph 83, Defendants admit only that there is a general right under the First Amendment to access certain information about court proceedings. Defendants specifically deny that their policies infringe on that right. The remainder of the Paragraph is denied as stated.

55.    Paragraphs 84 and 85 set forth legal conclusions and/or arguments to which no response is required. Further responding, Defendants crave reference to the stated cases for the best evidence of their contents. To the extent a response may be required, these Paragraphs are denied.

56.    Paragraph 86 is denied.

57.    As to Paragraph 87, Defendants admit only that the South Carolina Judicial Branch created the Public Index to make certain information from South Carolina state court cases publicly available online. Further responding, Defendants crave reference to the stated cases for the best evidence of their contents. The remainder of the Paragraph sets forth legal conclusions and/or arguments to which no response is required. To the extent a response may be required, the remainder of this Paragraph is denied.

58.    Paragraphs 88, 89, 90, and 91 are denied.

59.    Paragraph 92 is denied, upon information and belief.

60.    As to Paragraph 93, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, this Paragraph is denied.

61.    Paragraphs 94, 95, and 96 are denied.

62.    As to Paragraph 97, Defendants reiterate and reallege each Paragraph and affirmative defense in this Answer as if set forth herein verbatim.

63.    Paragraph 98 is admitted.

64. Paragraphs 99, 100, 101, 102, 103, 104, 105, 106, and the Request for Relief (including Paragraphs 1, 2, 3, 4, 5, and 6) are denied. Defendants deny that Plaintiff is entitled to the requested relief or any other relief.

## FOR A THIRD DEFENSE

65. This Court lacks subject matter jurisdiction to grant some or all of the relief requested in the Complaint, and therefore, this action must be dismissed pursuant to Rule 12(b)(1), Fed. R. Civ. P.

## FOR A FOURTH DEFENSE

66. Plaintiff's Complaint fails to present a justiciable controversy between the parties.

67. Assuming that there is a justiciable controversy—which there is not—this Court should decline to grant the requested relief because the prudential factors governing such relief counsel against such an exercise in this matter.

## FOR A FIFTH DEFENSE

68. This action is barred, in whole or in part, by the doctrine of abstention.

## FOR A SIXTH DEFENSE

69. This action is barred, in whole or in part, because Plaintiff lacks standing.

## FOR A SEVENTH DEFENSE

70. This action is barred, in whole or in part, because Plaintiff has failed to exhaust its administrative remedies.

## FOR AN EIGHTH DEFENSE

71. Some or all of the allegations in the Complaint are not yet ripe for adjudication.

## FOR A NINTH DEFENSE

72.     The limitations complained of in the Complaint constitute reasonable and permissible time, place, or manner restrictions.

### FOR A TENTH DEFENSE

73.     Plaintiff lacks a cognizable First Amendment right to the material at issue in the manner sought.

### FOR AN ELEVENTH DEFENSE

74.     Some or all of the relief sought by Plaintiff is barred by Eleventh Amendment and/or sovereign immunity.

### FOR A TWELFTH DEFENSE

75.     Plaintiff's claims are barred by the doctrines of waiver, estoppel, laches, and/or unclean hands.

### FOR A THIRTEENTH DEFENSE

76.     Plaintiff is not entitled to costs or fees pursuant to 42 U.S.C. § 1988.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants request that the Complaint be dismissed with prejudice, for the costs of this action, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

CROWE LAFAVE GARFIELD & BAGLEY, LLC

 s/ Steven R. Spreeuwers
Robert D. Garfield, Fed. ID 7799
Steven R. Spreeuwers, Fed. ID 11766
2019 Park Street
Columbia, South Carolina 29201
803.399.9970

robert@crowelafave.com
steve@crowelafave.com


–and–


ROBINSON GRAY STEPP & LAFFITTE, LLC


*s/ Rachel M. Hutchens*
Rachel M. Hutchens (Fed. I.D. 12696)
1310 Gadsden Street
Post Office Box 11449
Columbia, South Carolina 29211
(803) 929-1400
Email:  rhutchens@robinsongray.com

–and–


LINDEMANN LAW FIRM, P.A.


BY:    *s/ Andrew F. Lindemann*
Andrew F. Lindemann, Fed. ID No. 13030
Post Office Box 6923
Columbia, South Carolina 29260
T: 803-881-8920

Email: andrew@ldlawsc.com


*Counsel for Defendants*

January 24, 2023